```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------X

FRONTLINE COMMUNICATIONS
INTERNATIONAL, INC.,
                                          01 Civ. 8890 (MGC)
          Plaintiff,

     - against -                              OPINION

SPRINT COMMUNICATIONS COMPANY, L.P.,

          Defendant and
          Third Party Plaintiff,

     - against -

JOHN MILLWOOD,

          Third Party Defendant
          and Counterclaimant.

--------------------------------X


APPEARANCES:

          ANDERSON KILL & OLICK, P.C.
          Attorneys for Sprint Communications
          Company, L.P.
          1251 Avenue of the Americas
          New York, NY 10020

          By:  Steven Cooper, Esq.
               Dona S. Kahn, Esq.


          GREENFIELD STEIN & SENIOR, LLP
          Attorneys for John Millwood
          600 Third Avenue, 11th Floor
          New York, NY 10016

          By:  Paul T. Shoemaker, Esq.
```

**CEDARBAUM, J.**

Sprint Communications Company, L.P. ("Sprint") moves for summary judgment on John Millwood's counterclaim for unlawful retaliation under Title VII of the Civil Rights Act of 1964. For the reasons that follow, Sprint's motion is granted.

BACKGROUND

This action originally involved a contract dispute between Sprint and several telecommunications resellers. In 2001, the resellers sued Sprint for adding a surcharge to their bill in excess of a contractually specified rate. In the course of the litigation, Sprint brought third-party claims against its former employee, John Millwood. Sprint alleged that Millwood, who had signed the contracts with the resellers on Sprint's behalf, improperly concealed the nature of the resellers' business in return for bribes and the promise of enhanced commissions. Millwood filed an answer asserting counterclaims against Sprint for race discrimination and unlawful retaliation under Title VII of the Civil Rights Act. Millwood alleged that, after he was laid off in a business reorganization in late 2001, Sprint failed to reassign him to an equivalent position because of his race. Millwood also alleged that Sprint asserted third-party claims against him in retaliation for his prior complaint of race discrimination.

After partial summary judgment was granted in favor of the resellers, see Frontline Comm. Int'l, Inc. v. Sprint Comm. Co., L.P., 178 F. Supp.2d 432 (S.D.N.Y. 2001), all disputes in the action except those between Sprint and Millwood were settled. Sprint moves for summary judgment on Millwood's counterclaims on

3

the ground that Millwood has failed to establish a prima facie case of discrimination or retaliation.  Millwood, in turn, submitted a motion seeking summary judgment on Sprint's complaint on the ground that, under the Federal Communications Act, 47 U.S.C. § 201 et seq., Sprint could not lawfully deny to resellers the contracts that it alleges Millwood improperly signed on its behalf.  Accordingly, Millwood contends, Sprint may not assert claims against him for signing these contracts.

At oral argument on January 5, 2005, Sprint's motion for summary judgment on Millwood's discrimination claim was granted. Decision was reserved on the remaining motions.  This opinion addresses only Sprint's motion for summary judgment on Millwood's retaliation claim.

DISCUSSION

A motion for summary judgment should be granted if the court determines, from the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56; see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A genuine issue of material fact exists when the evidence is such that a reasonable finder of fact could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Richardson v. Coughlin, 763 F. Supp. 1228, 1234 (S.D.N.Y. 1991). In deciding whether a genuine issue exists, the court must "examine the evidence in the light most favorable to the party opposing the motion, and resolve ambiguities and draw reasonable inferences against the moving party." In re Chateaugay Corp., 10 F.3d 944, 957 (2d Cir. 1993). The moving party bears the initial burden of informing the court of the basis for its motion and identifying the matter that it believes demonstrates the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323. Summary judgment is appropriate if the nonmoving party fails "to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." Id.

Sprint contends that it is entitled to summary judgment because Millwood has not met his burden of establishing a prima facie case of retaliation under Title VII of the Civil Rights Act.

Title VII makes it unlawful for an employer to discriminate against an employee because that employee "has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). Title VII is violated when "a retaliatory motive plays a part in adverse employment actions toward an employee, whether or not it was the sole cause." Cosgrove v. Sears, Roebuck & Co., 9 F.3d 1033, 1039 (2d Cir. 1993). Title VII's anti-retaliation provision protects not only employees but also former employees, such as Millwood, suing for post-employment retaliation. See Robinson v. Shell Oil Co., 519 U.S. 337, 345 (1997).

In deciding a summary judgment motion on a Title VII retaliation claim, a court applies the burden-shifting framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). See Terry v. Ashcroft, 336 F.3d 128, 140-41 (2d Cir. 2003); **Monte v. Ernst & Young LLP**, 330 F. Supp.2d 350, 364 (S.D.N.Y. 2004). Plaintiff must first establish a prima facie

6

case of retaliation, by showing "i) participation in a protected activity known to the defendant; ii) an employment action disadvantaging the plaintiff; and iii) a causal connection between the protected activity and the adverse employment action." Richardson v. New York State Dep't of Corr. Serv., 180 F.3d 426, 443 (2d Cir. 1999); accord Torres v. Pisano, 116 F.3d 625, 639 (2d Cir. 1997).  If plaintiff establishes a prima facie case, the burden shifts to the employer to "point[] to evidence that there was a legitimate, nonretaliatory reason for the complained of action." Richardson, 180 F.3d at 443.  If the employer fails, plaintiff prevails.  If the employer succeeds, the burden reverts to plaintiff to "demonstrate that there is sufficient potential proof for a reasonable jury to find the proffered legitimate reason merely a pretext for impermissible retaliation." Id.

Sprint argues that Millwood has failed to make a prima facie showing of "an employment action disadvantaging" him, Richardson, 180 F.3d at 443, because he has proffered no evidence that this lawsuit has affected his ability to obtain employment.  To establish a prima facie case of retaliation, Millwood must show that the retaliatory action affected his employment or future employment prospects. See Torres, 116 F.3d at 625 (action by employer, "even though .... adverse to the charging employee," did not violate Title VII because it did not "affect the complainant's work, working conditions, or compensation") (internal quotation omitted); Ginsberg v. Valhalla Anesthesia Assocs., P.C., 971 F. Supp. 144, 148 (S.D.N.Y. 1997) ("[T]here must be some impact on plaintiff's employment or prospective employment for [the alleged retaliation] to constitute an 'employment action.'"); see also Wanamaker v. Columbian Rope Co., 108 F.3d 462, 466 (2d Cir. 1997) (observing that the Age Discrimination in Employment Act, like Title VII, "protects individuals from actions [that are] injurious to current employment or the ability to secure future employment") (emphasis in original).

7

Millwood contends that, as a result of Sprint's accusations of fraud, disloyalty, and deceit against him he has been prejudiced in his ability to secure employment. Allegations of fraud such as those asserted by Sprint may diminish future employment prospects by damaging one's reputation. See Wanamaker, 108 F.3d at 466 (observing that a retaliation claim can be maintained where a former employer sullies plaintiff's reputation, thereby affecting "tangible future employment objectives") (emphasis in original); Yankelevitz v. Cornell Univ., No. 95 Civ. 4593 (PKL), 1996 WL 447749, at *5 (S.D.N.Y. Aug. 7, 1996) (plaintiff stated claim for retaliation where he "could prove a set of fact[s] to show that defendants' counterclaim mars plaintiff's professional reputation .... [and thereby has] an adverse impact on plaintiff's employment prospects"); see also Berry v. Stevinson Chevrolet, 74 F.3d 980, 986 (10th Cir. 1996) (institution of criminal proceedings against a former employee was an 'adverse employment action' because such public proceedings "carr[y] a significant risk of humiliation, damage to reputation, and a concomitant harm to future employment prospects").

Millwood, however, has not come forward with any evidence that this lawsuit has affected his ability to obtain employment. The only evidence in the record on this issue undercuts

8

Millwood's position.  At his deposition, Millwood testified that eight months after this lawsuit was commenced he obtained a position with another telecommunications company.  He also testified that he stayed with that company for five months, until early 2003 when he left by mutual agreement for reasons unrelated to his dispute with Sprint.  In addition, Millwood testified that he has been working as a Christian minister.

Millwood has not proffered any evidence that, in the more than three years since Sprint sued Millwood, he has been less able to obtain employment than before.  Without such evidence, Millwood's bare assertion that he has been prejudiced in his ability to secure employment is insufficient to survive a motion for summary judgment.  Cf. Probst v. Ashcroft, 2 Fed. Appx. 469, 471-72 (7th Cir. 2001) ("[H]ypothetical possibilities are not materially adverse employment actions."); Davis v. Town of Lake Park, Fla., 245 F.3d 1232, 1239 (11th Cir. 2001)("[T]he asserted impact cannot be speculative and must at least have a tangible adverse effect on the plaintiff's employment.").

CONCLUSION

For the foregoing reasons, Sprint's motion for summary judgment on Millwood's retaliation claim is granted.

SO ORDERED.

Dated:   New York, New York
         June 24, 2005

                              S/_____
                                  MIRIAM GOLDMAN CEDARBAUM
                                  United States District Judge